UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                           CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                            January 18, 2007

JOINT TRIAL MEMORANDUM

1.    TRIAL COUNSEL:

For plaintiff:                    For defendant:
    Joanne S. Faulkner               Jonathan D. Elliot
    123 Avon Street                  Zeldes, Needle & Cooper, P.C.
    New Haven, CT 06511              P.O. Box 1740
    (203) 772-0395                   Bridgeport CT 06601-1740
                                     (203) 333-9441

2.    JURISDICTION:  This  Court has jurisdiction pursuant to 28 U.S.C. § 1331,

§1367, and 15 U.S.C. § 1692k

3.    JURY:  This is a jury case.

4.    LENGTH OF TRIAL:  The parties estimate that the trial will take one day.

5.    FURTHER  PROCEEDINGS.  Possible motions in limine.

6.    NATURE OF CASE:  Plaintiff states:  This case is brought under the Fair Debt

Collection Practices Act  (FDCPA), 15 U.S.C. §1692e and -g.  Plaintiff seeks only

statutory damages, attorneys fees and costs.  Claims under CUTPA will be withdrawn,

and plaintiff will not seek actual or punitive damages.  Specifically, plaintiff claims the

following:

A.    That defendant left phone messages for plaintiff without the disclosure allegedly called for by 15 U.S.C. §1692(e)(11).

B.    Whether defendant's letter #283, which was undated, violated 15 U.S.C. §1692e.

C.    Whether defendant's letters misrepresented the amount of the debt in violation of §1692e(2)(A) OR §1692g.

D.    Whether the ten-day deadline created a false sense of urgency in violation of 15 U.S.C. §1692e.

E.    Whether defendant had authority to send letter 283 when it had not been approved by the creditor or submitted to the Connecticut Banking Department.

7.    ELECTION FOR TRIAL BY MAGISTRATE JUDGE:  The parties do not agree to trial before the United States Magistrate Judge.

8.    LIST OF WITNESSES:

Plaintiff may call:

1.    Custodian of Records, Banking Department regarding form letters submitted by defendant for use in Connecticut.[1]

2.    Witnesses identified by defendant as appropriate

The defendant may call one or more of the following:  [Plaintiff will object pursuant to Fed. R. Civ. P. 37(b) or (c) as well as Fed. R. Evid. 602, 704, 802]

---

[1] If defendant does not stipulate to Fact # 20.

1.      Susan Johnson, Esq., c/o I.C. System, Inc., 444 Highway 96 East, P.O. box 6444,

St. Paul, MN  55164-9444, is expected to testify as to the policies and practices of the

defendant as they relate to this matter; as to the history and chronology of the defendant's

collection efforts in this matter, the interpretation of the defendant's records and the

defenses in this matter.  Estimate:  Two hours.

2.      Roxanne Pearson, c/o I.C. System, Inc., 444 Highway East, P.O. Box 6444,

St. Paul, MN 55164-9444, is expected to testify regarding I.C. Systems letter production

and the unintentional error defense in this action.  ½ hour.

3.      Thomas Emms, c/o I.C. System, Inc., 444 Highway East, P.O. Box 6444,

St. Paul, MN 55164-9444, is expected to testify regarding I.C. Systems letter production

and the unintentional error defense in this action.  ½ hour.

4.      Beth Zeug, c/o I.C. System, Inc., 444 Highway East, P.O. Box 6444, St.

Paul, MN  55164-9444, is expected to testify regarding procedures pertaining to the

Providian portfolio of accounts and the placement of the Kimbro account.  3/4 hour.

5.      Lauren Kimbro, plaintiff is expected to testify regarding her receipt of

letters and/or phone calls from the defendant and any dispute concerning the underlying

debt.  1/2 hour.

9.      EXHIBITS:

     A.      Plaintiff may introduce

        1.      Defendant's 515 letter

        2.      Defendants 525 letter

3. Defendant's 283 letter

4. Defendant's 535 letter.

5. Defendant's 545 letter. [Objection: irrelevant]

6. Defendant's collection records showing calls and letters.

7. Defendant's Collector Screen 1, 1, 1

8. Defendant's responses to discovery to the extent facts are not stipulated. Defendant's supplemental response to Int. 8; Attorney Melton Aff. par. 21; Oct. 4, 2004 Supp. Resp. to Int. par. (b), verified by Attorney Melton.

9. Defendant's agreement with Providian, Exhibit A, Telephone Attempts; Letter Generation; Def. Ex D, outbound and left message scripts; Agency procedures for 130+ settlement etc.

B. Defendant expects to introduce all or some of the following exhibits: [Except for the debtor history, Plaintiff will object pursuant to Fed. R. Civ. P. 37(b) or (c)]

1. Letter dated July 19, 2001 from Attorney Joanne Faulkner to Elizabeth Melton at I.C. Systems. Objection, irrelevant, inadmissible; Rule 408

2. Computerized debtor history for Lauren Kimbro

3. Form regarding letter approval

4. Sample envelope

10.   STIPULATIONS OF FACT:

1.     Plaintiff is a consumer within the FDCPA.

2.     Defendant is a debt collector within the FDCPA.

3.     Defendant engaged in collection efforts or communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

4.     Defendant was assigned plaintiff's Providian credit card account for collection on or about 2/21/2001.

5.     I.C. sent letter 515 to plaintiff on or about 2/23/01

6.     I.C. sent letter 525 to plaintiff on or about 3/27/01

7.     I.C. sent letter 283 to plaintiff on or about 4/19/01

8.     I.C.  sent letter 535 to plaintiff on or about 4/27/01

9.     On  3/27/01, 4/9/01, 4/11/01, 4/14/01, 4/19/01, 4/22/01, 4/23/01, and 4/26/01, collectors left messages on plaintiff s answering machine that did not provide the notice "This is an effort to collect a debt.  Any information will be used for that purpose."

10.     On  3/27/01, 4/9/01, 4/11/01, 4/14/01, 4/19/01, 4/22/01, 4/23/01, and 4/26/01, collectors left messages on plaintiff s answering machine that did not inform plaintiff that the call was from a debt collector.

11.     Letter 283 was undated.

12.     On July 16, 2001, I.C. was notified that letter 283 did not include a date.

13.     I.C. continued using letter 283 until late September, 2001.

14.     Normally, I.C. System collection letters are dated.

15.     It was an error for I.C. System to send letter 283 without a date.

16.      Roxanne Pearson, a Project Leader in the Information Services department who has FDCPA training and is aware of I.C. System's practice of dating all collection letters, processed the sample draft of Letter 283 but failed to include a field variable required for the inclusion of a date.

17.     Despite letter reviews by more than one person and a company practice of dating collection letters, Letter 283 did not have a date until its absence was identified by the company.


10(b)(1).   PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

(In addition to standard questions as to whether they know the parties/ attorneys/ witnesses/ have prior jury experience or have ever been party to a lawsuit)

1.     Has anyone owned, operated, or been employed by a business or law office which collects debts, or do you have any family members or close friends connected with such a business or law office?


2.     Has anyone owned, operated, or been employed by a business or individual who refers accounts to a debt collector for collection, or do you have any family members or close friends connected with such a business or individual?

3.     If you find that the defendant violated the law, is there any reason you would be unwilling to award statutory damages even if plaintiff had no monetary damages?

4.     Is there anyone who feels, for any reason, that they could not hear this case and render a verdict based on the evidence which would be fair to the parties?

10(b)(1).     DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1.     Have you, or any member of your family, ever been employed by a collection agency or by a collection department of any business?  If so, please explain.

2.     Have you, or any member of your family, ever done business with the defendant just named?  If so, please explain.

3.     Have you served as a juror before?  If so?

    a)     When did you serve?

    b)     In what court?

    c)     Was the case criminal or civil?

    d)     Generally, what was the case about?

    e)     What was the result?

4.     Will you be able to put aside the instructions given in that civil case, particularly those regarding the burden of proof, and follow the instructions that the judge will give you in this case?

5.    Have you ever been a witness in a lawsuit?  If so, please describe.

6.    Have you ever testified before in court?

7.    Have you ever experienced any personal dealings with a collection agency? How would you describe your experience?  How did the debt collector or agency conduct itself?

8.    Has anyone ever sent you a bill that you did not agree that you owe?  Did you ever want to sue anyone over it?  Describe the circumstances.

9.    Have you ever sued anyone?  Who? Describe generally what the lawsuit was about.

10.    Have you ever been sued by anyone?  Who?  Describe generally what the lawsuit was about.

11.    Is there anything you would like to tell me concerning your opinion of persons who bring lawsuits claiming money damages in a lawsuit?

12.    Do you have any beliefs in general about debt collectors or collection agencies that might affect your ability to be impartial in this case?

13.    Do you have any beliefs in general about credit card companies?  Would your beliefs affect your ability to be impartial in this case?

14.    Do you have any thoughts or feelings that simply because someone filed a lawsuit, the person or company sued must have done something wrong?

15.    Do you have any thoughts or feelings that if someone is accused of multiple violations of the law, they must have done <u>something</u> wrong?

16.     Do you have any thoughts or feelings that simply because someone filed a lawsuit, the person suing is entitled to monetary compensation?

17.     Do you understand that sympathy is to play no role in your deliberations?

18.     If you find, after hearing all of the evidence and the judge's instructions as to the law to be applied in the case, that the plaintiff has sustained his burden of proof that the defendant was in violation of a statute, would you be able not to award actual damages if no such damages were shown?

19.     Could you not be fair and impartial, for any reason, whether for some reason that has already been discussed or any reason that has not been discussed?

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1.      The FDCPA is a federal law passed  "to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote

consistent State action to protect consumers against debt collection abuses." 15 U.S.C.

§1692(e).  To accomplish its purposes, the FDCPA expressly prohibits debt collectors

from engaging in numerous specific practices.

2.      In enacting the FDCPA, Congress recognized the

> universal agreement among scholars, law enforcement officials,
> and even debt collectors that the number of persons who
> willfully refuse to pay just debts is miniscule [sic]. . . . [T]he
> vast majority of consumers who obtain credit fully intend to
> repay their debts.  When default occurs, it is nearly always due
> to an unforeseen event such as unemployment, overextension,
> serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695,

1697.

3.      The FDCPA applies whether or not the plaintiff owes the debt.  McCartney

v. First City Bank, 970 F.2d 45 (5th Cir. 1992); Baker v. G.C. Services Corp., 677 F.2d

775,  777 (9th Cir. 1982).

4.      The FDCPA is a strict liability statute. Proof of only one violation is

sufficient to support judgment for plaintiff.  Bentley v. Great Lakes Collection Bureau,

Inc., 6 F.3d 60 (2d Cir. 1993).

5.     Under 15 U.S.C. § 1692e and –e(10), "Debt collectors may not make false claims, period." Randolph v. IMBS, Inc., 368 F. 3d 726, 730 (7th Cir. 2004), citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993).

6.     The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998). Whether or how much Ms. Kimbro actually owed on the debt is not a factor in your deliberations. The collection agency must comply with the FDCPA no matter whether Ms. Kimbro owed the underlying debt. Therefore, you may not consider whether the debt was owed or how much may have been owed when determining whether the collection agency violated the FDCPA. Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982).

7.     The standard used to determine whether a statement is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled. Clomon, 988 F.2d at 1318. The "least sophisticated consumer" is a naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" "with a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id.

8.     A letter is deceptive or misleading if it is subject to an inaccurate yet reasonable interpretation by the least sophisticated consumer. Russell v. Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996)

9.     It is deceptive or misleading for a collection agency to create a "false sense

of urgency." <u>Schweizer v. Trans Union Corp.</u>, 136 F.3d 233, 237 (2d Cir. 1998); <u>Rosa v.

Gaynor</u>, 784 F. Supp. 1, 5 (D. Conn. 1989) (Cabranes, J.); <u>Trans World Accounts, Inc. v.

F.T.C.</u>, 594 F.2d 212, 215 (9th Cir. 1979); Statements of General Policy or Interpretation

Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50106

(1988): §807(10)-2 ("Communication format.  A debt collector may not communicate by

a format or envelope that misrepresents the nature, purpose or urgency of the message.  It

is a violation to send any communication that conveys to the consumer a false sense of

urgency.")  The FTC staff, in a letter of April 28, 1978, stated, "Additionally, since letter

A implies that action will be instituted immediately upon the expiration of ten days, the

failure to take such action makes such statement deceptive in violation of Sections 807(5)

and 807(10)."  The letter is reprinted in National Consumer Law Center, Fair Debt

Collection Appx. I (3d ed. 1996).

10.     The ten-day deadline was nonexistent but created a false sense of urgency.

<u>Pipiles v. Credit Bureau of Lockport</u>, 886 F.2d 22, 25-26 (2d Cir. 1989) (48 hour deadline

violates the FDCPA as a matter of law); <u>Crossley v. Lieberman</u>, 868 F.2d 566, 571 (3d

Cir. 1989) (one week deadline when threatened action was prohibited by law); <u>Graziano

v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991) (demand for payment within ten days when

consumer had a longer time to dispute the debt); <u>Morgan v. Credit Adj. Board, Inc.</u>, 999

F. Supp. 803, 808 (E.D. Va. 1998) (confusion about when time expired created false

sense of urgency); <u>Sluys v. Hand</u>, 831 F. Supp. 321, 327 (S.D.N.Y. 1993) ("defendant

makes no suggestion that such a [72 hour] deadline in fact existed in his mind, in that of his client, or elsewhere").

11.     A collection agency violates the law if it leaves a message on an answering machine without saying, "the communication is from a debt collector" §1692e(11). Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) and cases cited therein, including Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "[g]iven that the obvious purpose of the message was to provide the debtor with enough information to entice a return call).

12.     The FDCPA provides that the collector may not falsely represent the character, amount or legal status of any debt.  §1692e(2)(A).

13.     The FDCPA requires that the debt collector state the amount of the debt in its initial letter.  §1692g(a)(1).

14.     The FDCPA provides that the consumer has the right to dispute all or any portion of the debt.  §1692g(a)(3), (4).

15.     A debt collector may not hide the true character of the debt.  Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004); or make incomplete or misleading statements about the debt.  Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLP, 214 F.3d 872, 875 (7th Cir. 2004),

16.    Since it became effective in 1976, the FDCPA has allowed you to award statutory damages up to $1,000 in actual damages when there is a violation. You may award statutory damages even if Ms. Kimbro has no actual damages.

15 U.S.C. §1692k(a)(2)(A).  Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998)

17.    A purpose of statutory damages is to provide an incentive to comply with the law. Strange v. Wexler, 796 F. Supp. 1117 (N.D. Ill. 1992); Thomas v. National Business Assistants, Inc., Civil No. N-82-469 (EBB)(D. Conn. 1984), 5 Cons. Cred. Guide  CCH) ¶96,433.

18.    To determine how much to award in statutory damages, you may consider such factors as whether the nature of the violation is serious or minor, the frequency and persistence of the violation, the extent to which the violation was intentional, and the number of separate violations.  §1692k(b)(1); Cacace v. Lucas, 775 F. Supp. 502, 507 (D. Conn. 1990); Masuda v. Thomas Richards & Co., 759 F.Supp. 1456, 1467 (C.D. Cal. 1991).

19.    In determining whether the violations were intentional or persistent, you may  consider whether the defendant vigorously defended this action even after it had reason to believe its actions violated the FDCPA.

Crossley v. Lieberman, 868 F.2d 566 (3d Cir. 1989) (award increased from $100 to $1,000 because vigorous defense indicated intent to continue course of conduct); Cacace v. Lucas, 775 F. Supp. 502, 507 (D. Conn. 1990).

20.    I direct you to award the full $1,000 statutory damages.

Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir. 1995); Traverso v. Sharinn, Civil No.

N-88-446 (WWE), 15 Conn. L. Trib. No. 39 (1989); Cacace v. Lucas, 775 F. Supp. 502,

507 (D. Conn. 1990); Woolfolk v. Rubin, Civil No. N-88-266 (EBB) (D. Conn. Feb. 2,

1990), 15 Conn. L. Trib No. 48 (1989); Gonsalves v. National Credit Systems, Inc., Civil

No. N-89-559 (PCD) Doc. No. 37 (D. Conn. Aug. 15, 1990); Chauncey v. JDR Recovery

Corp., 118 F.3d 516 (1997) ($1,000 for overshadowing violation); Edwards v. National

Business Factors, Inc., 897 F. Supp. 455, 458 (D. Nev. 1995) ($1,000 for §1692g

violation); Riveria v. MAB Collections, Inc., 682 F. Supp. 174 (W.D.N.Y. 1988)

(same).

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant reserves its right to object to the plaintiff's proposed instructions, and offers the following:

1.    Creditors and debt collectors are entitled to seek collection of debts believed to be owed as long as they do so without violating the FDCPA.  The purpose of the FDCPA is to protect consumers from unfair, deceptive and harassing debt collection practices, while leaving collectors free to employ efficient, reasonable and ethical practices in pursuit of their profession.  Graziano v. Harrison, 763 F. Supp. 1269 (D.N.J.) modified on other grounds 950 F.2d 107 (3rd Cir. 1991).

2.    The plaintiff claims that a certain letter received by her did not bear a date.  You may not find that I.C. System violated the FDCPA just because the letter in question did not have a date printed on it.  There is no express requirement under the FDCPA that every collection letter be dated.  Instead, you must consider whether I.C. System, by omitting the date, engaged in a false, deceptive or misleading communication to collect a debt.

In considering this question, you must view the letter from the standpoint of the least sophisticated consumer.  If you find that notwithstanding the absence of a date on the letter that even the "least sophisticated consumer" would be able to understand when the letter in question was sent or that such consumer could reasonably understand the terms of the settlement offer, then you may not find in favor of the plaintiff on this issue.

In evaluating this, you may consider not only the letter itself, but the envelope in which it arrived and any postmark thereon.  15 U.S.C. §1692e.

5.     The claim that the defendant has made misrepresentations to the plaintiff is to be viewed from the standpoint of the "least sophisticated consumer."  However, not all collection efforts violate the rights of the least sophisticated consumer.  You must consider whether the least sophisticated would be deceived by the defendant's collection efforts, and although the least sophisticated consumer may be regarded as naive, gullible or of below average intelligence, even the least sophisticated consumer can be presumed to possess a basic amount of information about the world and a willingness to read a collection notice with care.  His or her viewpoint should be reasonable.  Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993); Johnson v. NCB Collection Services, 799 F. Supp. 1298 (D. Conn. 1992).

6.     Even if you decide that I.C. Systems violated the FDCPA, you may not award the plaintiff any actual damages, because no such damages are claimed.  Even if there are no actual damages, you must consider whether to award "additional" or "statutory" damages under the FDCPA.  You are not required to award such damages, but if you do make such an award it may be in any amount, from a token amount (e.g., $1.00) up to but not more than $1,000 in this action.  E.g., Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981); White v. Bruck, 927 F. Supp. 168 (W.D. Wis. 1996).

7..     In deciding whether to make an award of statutory damages, and the amount of that award, you must consider the following factors:  (i) the nature of the

violation (i.e., whether it is serious or minor); (ii) the frequency and persistence of the violation against the plaintiff; and (iii) whether the evidence shows the violation was unintentional. 15 U.S.C. §1692k(b). In considering such damages, you may consider only the conduct of the defendant with respect to the plaintiff. Byes v. Credit Bureau Enterprises, Inc. 1995 WL 540 235 (E.D. La. 1995).

8.. The FDCPA does not require perfection by the agency when performing its collection function. Even if you find any violation of the FDCPA, you must consider whether the defendant has shown, by a preponderance of the credible evidence, that the error was unintentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid such error. If the defendant has made such a showing, it is a complete defense to the violation in question, and you may not hold the defendant liable or consider any award of damages in connection with such alleged violation. 15 U.S.C. §1692k(c).

9. A collection agency is entitled initially to rely on information provided by the creditor in connection with the placement of the account. A collection agency is not required to conduct an independent investigation of the validity of the debt before sending its collection letters. In the absence of a dispute by the consumer within 30 days of the consumer's receipt of the collector's validation notice in its first letter, the debt collector is entitled to assume that the debt is valid.

15 U.S.C. §1692g; Howe v. Reader's Digest Assn Inc., 686 F.Supp. 461, 467 (S.D.N.Y. 1988); Ducrest v. Alco Collections, Inc., 931 F.Supp. 459, 462 (M.D. La. 1996).

10.     In its initial letter, a debt collector must state the amount of the debt.  If you find that the defendant's letters stated the amount due based upon information provided by the creditor, you may not find that the statement of the amount due violated the FDCPA.

Howe, supra; Ducrest, supra.

11.     If you do not find that the stated amount due is incorrect as of the date of the letter in which it was communicated you may not find that the letter misrepresented the amount due.  15 U.S.C. §1692g.

12.     Plaintiff claims that defendant engaged in communications with the plaintiff without making the disclosures required by 15 U.S.C. §1692e(11).  This section of the FDCPA requires that a debt collector, when engaged in an initial "communication" with a consumer, disclose that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose," or, in subsequent communications, that the communication is "from a debt collector."  15 U.S.C. §1692e(11).

13.     The term "communication" has a specific definition under the FDCPA.  It means "the conveying of information regarding a debt directly or indirectly to any person through any medium."  Not every contact is a "communication."  The definition depends on the content of the message.  A message that does not contain information concerning the debt sought to be collected and does not otherwise mention the debt or the debt collection purpose of the contact is not a "communication" for purposes of the FDCPA.

14. Even if you find that the defendant's letter #283 was not submitted to the Connecticut Department of Banking for approval, you may not find such conduct to be a violation of the FDCPA. Lindberg v. Transworld Systems, Inc., 846 F.Supp. 175 (D. Conn. 1994); Richardson v. Alliance One Receivables Management, Inc., 2004 WL 867732 (S.D.N.Y. April 23, 2004).

15. Even if you find that the defendant's letter #283 was not submitted to the Providian for approval, you may not find such conduct to be a violation of the FDCPA.

Accordingly, unless you find that a letter, phone call or other message contains information about the debt, you may not find that the disclosures under §1692e(11) were required. 15 U.S.C. §1692a(2); FTC Official Staff Commentary 53 Fed. Reg. 50097-50110 (December 13, 1988); Geiger v. Creditors Interchange, Inc., 59 Fed. Appx. 803, 804 (6th Cir. 2003); Chapman v. Fischer, 49 Fed. Appx. 636 (7th Cir. 2000); Baily v. Security National Serv. Center, 154 F.3d 384 (7th Cir. 1998); Knight v. Schulman, 102 F.Supp. 2d 867 (S.D. Ohio 1996).

11. ANTICIPATED EVIDENTIARY PROBLEMS AND MOTIONS.

See objections to Exhibits and witnesses. In light of new claims asserted for the first time in this revised joint trial memorandum, the defendant will seek to add a defense of the statute of limitations.

THE PLAINTIFF

BY___/S/_____

_____          JOANNE S. FAULKNER (ct04137)
(Date)                           123 Avon Street
                                 New Haven, CT 06511
                                 (203) 772-0395


THE DEFENDANT

BY___/S/_____

_____          JONATHAN D. ELLIOT (ct05762)
(Date)                           Zeldes, Needle & Cooper, P.C.
                                 P.O. Box 1740
                                 Bridgeport, CT  06601-1740
                                 (203) 333-9441

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                          CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                           January 18, 2007

VERDICT SHEET
(SPECIAL INTERROGATORIES TO JURY)

This litigation involves Ms. Kimbro's claims that the defendant violated the Fair

Debt Collection Practices Act.

For purposes of responding to the following questions, you are to view the

defendant's acts from the perspective of the least sophisticated consumer or debtor.

I. CLAIM UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

1.     Did the Defendant make any false representation or use any deceptive

means to collect or attempt to collect a debt in its attempt to collect any debt from

Plaintiff?

         YES                        NO_____

If your answer to the above question is "YES," proceed to the next question. If you

have answered "NO" to the question above, you may proceed to Section II below.

2.     If your answer to Question 1 is "YES," you shall award up to

$1,000.00 as statutory damages under the Fair Debt Collection Practices Act.

Amount of Statutory Damages: $ _____

## II. EXECUTION AND DATING OF VERDICT FORM

After answering all of the above questions, you are to do nothing further except sign and date this Verdict Form and return same to the Courtroom.

SO SAY WE ALL THIS                 DAY OF FEBRUARY      2007.


_____

FOREPERSON