UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                                                  CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                                         January 25, 2007

PLAINTIFF'S TRIAL BRIEF/ MOTION IN LIMINE: CALLS

Pursuant to Fed. R. Civ. P. 50(a)(2), plaintiff intends to move for judgment on the basis that (a) defendant's calls violated the FDCPA as a matter of law; and (b) defendant has no bona fide error defense to this claim. The parties have stipulated to facts and exhibits in their Joint Trial Memorandum (Doc. No. 73) and proposed factual proof and jury instructions. On the state of this record, the Court is requested to enter judgment in favor of plaintiff as a matter of law as to plaintiff's claim that defendant left phone messages for plaintiff without the disclosure called for by 15 U.S.C. §1692(e)(11).

Stipulated Facts from Joint Trial Mem. at 5:

1.      Plaintiff is a consumer within the FDCPA.

2.      Defendant is a debt collector within the FDCPA.

3.      Defendant engaged in collection efforts or communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

9.      On 3/27/01, 4/9/01, 4/11/01, 4/14/01, 4/19/01, 4/22/01, 4/23/01, and 4/26/01, collectors left messages on plaintiff s answering machine that did not provide the notice "This is an effort to collect a debt. Any information will be used for that purpose."

10.     On 3/27/01, 4/9/01, 4/11/01, 4/14/01, 4/19/01, 4/22/01, 4/23/01, and 4/26/01, collectors left messages on plaintiff s answering machine that did not inform plaintiff that the call was from a debt collector.

I.  DEFENDANT'S CALLS VIOLATED §1692e(11)

A collection agency violates the law if it leaves a message for the consumer on an answering machine without saying, "the communication is from a debt collector" §1692e(11).[1] Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643, 655-59 (S.D.N.Y. 2006) (a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "[g]iven that the obvious purpose of the message was to provide the debtor with enough information to entice a return call); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005); Joseph v. J.J. Mac Intyre Cos., 281 F. Supp. 2d 1156, 1163 (N.D. Cal. 2003); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953, *12-13 (D. Fla. July 14, 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).  Defendant's fact stipulations admit the violation.

Defendant's opposition appears in its proposed jury instructions, which inexplicably cite FTC Official Staff Commentary 53 Fed. Reg. 50097-50110 (December 13, 1988) as supporting its position that it may violate §1692e(11) by leaving a message without the required notice. Doc. No. 73 at 20. The Commentary instead specified that communication "is given its commonly accepted meaning. Thus, the section applies to contacts with the consumer related to the collection of the debt, whether or not the debt is specifically

---

[1] Section 1692e(11) provides:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . . . (11)  The failure to disclose in sub-sequent communications that the com-munication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
The FDCPA broadly  defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §  1692a(2).

mentioned." 53 Fed. Reg. 50103, §805-1. Collection agencies have long been on notice that contacts related to the collection of a debt are communications within the FDCPA.

Defendant also cites irrelevant cases in opposition to plaintiff's claims: Geiger v. Creditors Interchange, Inc., 59 Fed. Appx. 803, 804 (6th Cir. 2003) (unreported, did not concern phone calls); Chapman v. Fischer, 49 Fed. Appx. 636 (7th Cir. 2000) (unreported, concerned one settlement offer during a lawsuit); Baily v. Security National Serv. Center, 154 F.3d 384 (7th Cir. 1998) (did not involve phone calls); Knight v. Schulman, 102 F.Supp. 2d 867 (S.D. Ohio 1996) (did not involve phone calls).

## II. DEFENDANT HAS NO BONA FIDE ERROR DEFENSE

The FDCPA is a strict liability statute. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). Proof of only one violation is sufficient to support judgment for plaintiff. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 62 (2d Cir. 1993).

Defendant does not propose to show that it had, or maintained, procedures reasonably adapted to avoid the error of not complying with §1692e(11), as required to establish the §1692k(c) affirmative bona fide error defense. It also proposes no witness testimony as to any error, bona fide or otherwise, in the phone calls (Joint Trial Mem. at 3) and includes no bona fide error exhibits related to the phone calls. (Joint Trial Mem. at 4). The stipulated facts admit the violation (Joint Trial Mem. at 5). At most, defendant appears to be claiming that it did not intend to violate the law, a contention that is wholly inadequate to establish the defense. See, *e.g*. Pipiles v. Credit Bureau Inc., 886 F.2d 22, 27 (2d Cir. 1989).

CONCLUSION

Plaintiff's Rule 50 motion as to the violative nature of the phone calls should be granted.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on January 25, 2007, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___