UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                                          CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                                           January 25, 2007

PLAINTIFF'S TRIAL BRIEF/ MOTION IN LIMINE

Pursuant to Fed. R. Civ. P. 50(a)(2), plaintiff intends to move for judgment on the basis that (a) defendant's form letter 515 violates the FDCPA as a matter of law; and (b) defendant has no bona fide error defense to this claim. The parties have stipulated to facts and exhibits in their Joint Trial Memorandum (Doc. No. 73) and proposed factual proof and jury instructions. On the state of this record, the Court is requested to enter judgment in favor of plaintiff as a matter of law as to Form Letter 515 on plaintiff's claim that the letter misrepresented the amount of the debt in violation of §1692e(2)(A) or §1692g.

Stipulated Facts from Joint Trial Mem. at 5:

1.    Plaintiff is a consumer within the FDCPA.

2.    Defendant is a debt collector within the FDCPA.

3.    Defendant engaged in collection efforts or communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

4.    Defendant was assigned plaintiff's Providian credit card account for collection on or about 2/21/2001.

5.    I.C. sent letter 515 to plaintiff on or about 2/23/01.

<u>Stipulated Exhibits</u> from Joint Trial Mem. at 3, 4

1.      Defendant's 515 letter (copy attached in two parts of the same long page)

7.      Defendant's Collector Screen 1, 1, 1 (copy attached).

I. LETTER 515 MISREPRESENTED THE AMOUNT OF THE DEBT

Defendant violated §1692e(2),[1] (10)[2] and §1692g(a)(1)[3] by asserting flatly in the notice required by §1692g that the "Principal Owed" was a sum certain, $1,322.48. "Principal" has a clear meaning: "a capital sum, as distinguished from interest or profit." http://dictionary.reference.com/browse/principal.   The assertion was untrue, and known to be untrue, since defendant's own collection records (the Collector Screen, attached) showed that the Total Principal was $964.65.

The amount twice described as "principal owed" included an undisclosed $357.83 in interest. Perhaps that was the "amount of the debt" but Defendant did not use the statutory term "the amount of the debt." §1692g(a)(1). Describing as "Principal" an amount that includes undisclosed interest is a false representation of the character, amount, or legal status of the debt within §1692e(2)(A).  The falsehood is compounded by the statement in the text of the letter that the amount, which already includes interest, "may change due to interest or charges added to the account after the date of this letter." The implication is that interest is not already included.

---

[1] §1692e(2) prohibits the "false representation of (A) the character, amount, or legal status of any debt."
[2] §1692e(10) prohibits the "use of any false representation or deceptive means to collect" any debt.
[3] §1692g(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (1) the amount of the debt;"

1

Section 1692g(b) allows a consumer to dispute the debt "or any portion thereof." Since defendant did not break down the amount into principal and interest, it thwarted the purpose of the statute to enable the consumer to interpose a dispute as to part of the debt.

The false statement is particularly insidious where, as here, it takes a lawsuit and discovery to ascertain that defendant indeed knew that the "principal" was made up partly of interest. "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt." Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004).

As stated in Russell v. Equifax, 74 F.3d 30, 35 (2d Cir. 1996), "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Under 15 U.S.C. § 1692e and –e(10), "Debt collectors may not make false claims, period." Randolph v. IMBS, Inc., 368 F. 3d 726, 730 (7th Cir. 2004), citing Russell at 33; Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993) ("At the outset, it should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e regardless of whether the representation in question violates a particular subsection of that provision").

## II. DEFENDANT HAS NO BONA FIDE ERROR DEFENSE

As the Second Circuit said in Russell, 74 F.3d at 36, "Once it is shown that defendant sent the February and March notices and that they failed to fulfill the requirements of the Act, strict liability is imposed. See *Bentley*, 6 F.3d at 63."

In its proposed jury instructions, Defendant has included one paragraph setting forth its response to plaintiff's claim that Letter 515 falsely states the amount of the debt by claiming the entire amount is "principal." Defendant claims only that "A collection agency is entitled initially to rely on information provided by the creditor in connection with the placement of the account. A collection agency is not required to conduct an independent investigation of the validity of the debt before sending its collection letters." Par. 9 at p. 18 of the Trial Mem. Here, defendant plainly should have, but did not, rely on the information provided by the creditor when it falsely claimed the "principal" was $1,322.48. Its own Collector Screen showed that the principal was a much smaller figure.

## CONCLUSION

Plaintiff's Rule 50 motion as to the violative nature of the 515 letter and as to the bona fide error defense should be granted.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on January 25, 2007, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___

3

I.C. SYSTEM, INC.
444 Highway 96 East, P.O. Box 64887
St. Paul, MN 55164-0887

Toll Free: 1-800-561-5695
MON-THU 7AM-10PM FRI 8-4
SAT 8AM-1PM SUN 4PM-8PM



I.C. SYSTEM

Address Service Requested

February 22, 2001

#BWNGRCC
#F001741579515797#
Lauren L Kimbro
44 Orange St Apt 310
New Haven, CT  065103132

RE: Providian National Bank
Payment Processing
P.O. Box 9553
Manchester, Nh 03108-9553
Principal Owed                    : $1,322.48
REQUIRED PAYMENT             : $160.72
Account No: 1741579-515
File Number: 54097911004
Date of Service: 11/13/99

Dear Lauren L Kimbro:

Your account with Providian National Bank is past due. We have been asked by Providian National Bank to begin debt collection activity.

If you would like to make payment arrangements please call 1-800-561-5695. We would like to give you the opportunity to clear this debt.

Please make your check or money order payable to Providian Bancorp Services and send it to:

   Providian National Bank
   Payment Processing
   P.O. Box 9553
   MANCHESTER, NH 03108-9553

The amount reflected above is the amount you owe as of the date of this letter. This amount may change due to interest or charges added to the account after the date of this letter.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Please disregard this notice if payment in full has been recently sent.

Sincerely,

*B. Brown*

B. Brown
Manager

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will: obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you make a written request within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.
    ó   Si ud tiene alguna pregunta acerca de esta cuenta llname 800/279-9420 y referir al numero de su cuenta.
2250

TEAR OFF THIS PORTION

New Haven, CT 065103132

File Number: 5409791100419837
Date of Service: 11/13/99

Dear Lauren L Kimbro:

Your account with Providian National Bank is past due. We have been asked by Providian National Bank to begin debt collection activity.

If you would like to make payment arrangements please call 1-800-561-5695. We would like to give you the opportunity to clear this debt.

Please make your check or money order payable to Providian Bancorp Services and send it to:

Providian National Bank
Payment Processing
P.O. Box 9553
MANCHESTER, NH 03108-9553

The amount reflected above is the amount you owe as of the date of this letter. This amount may change due to interest or charges added to the account after the date of this letter.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Please disregard this notice if payment in full has been recently sent.

Sincerely,

*B. Brown*

B. Brown
Manager

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will: obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you make a written request within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

6  Si ud tiene alguna pregunta acerca de esta cuenta llname 800/279-9420 y referir al numero de su cuenta.

**TEAR OFF THIS PORTION AND RETURN WITH PAYMENT**
**MAKE CHECK PAYABLE TO PROVIDIAN BANCORP SERVICES**

Lauren L Kimbro
44 Orange St Apt 310
New Haven, CT  065103132

RE: Providian National Bank
Payment Processing
P.O. Box 9553
Manchester, Nh 03108-9553
Principal Owed                                    $1,322.48
REQUIRED PAYMENT                                  $160.72
Account No: 1741579-515
File Number: 54097911004
Date of Service: 11/13/99

Providian National Bank
Payment Processing
P.O. Box 9553
Manchester, Nh 03108-9553

5     0001372248        00017015290

```
    Collect Screen (1,1,1) - TM - #pty/ttyae - DEF
    Account:1741579 Window:        DELINQUENCKIMBRO, LAUREN L
CURRENT AMT      :1580.62          |CUR MTHS DELQ  :7
NOW DUE AMT      :292.72           |ORG MTHS DELQ  :
30 DAYS          :                 |CYCLE DAY      :28
60 DAYS          :                 |NEXT CYCLE DATE:
90 DAYS          :                 |DAYS PAST DUE  :184
120 DAYS         :                 |5 DAYS         :
150 DAYS         :                 |NOT DUE        :
180 DAYS         :                 |CREDIT DUE     :
210 DAYS         :                 |CREDIT LIMIT   :1000.00
>210 DAYS        :                 |LAST CREDIT CHG:
PAST DUE AMT     :                 |CONTRACT DATE  :
CUR CASH PRIN    :110.00           |LAST PYMT DATE :11032000
CUR PURCH PRIN   :854.65           |LAST PYMT AMT  :23.57
TOTAL PRINCIPAL  :964.65           |PREV MTHS DELQ :
TAX              :                 |PREV MTHS DQ DT:
LATE CHARGES     :                 |CRED SCORE/RATE:
GRS CONTRACT AT  :                 |CONTRACT TERM  :
PMTS RECVD AT    :                 |OFFER TYP/OPT  :
INV/STMT DESC    :                 |COLLECT STATUS :P
STATEMENT DATE   :                 |PREV CYCLE     :06
AMT OF STATEMNT  :                 |CLIENTS OFFER  :
PAYMENT DUE DTE  :                 |BOOK           :
```