UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREN KIMBRO,<br>　　　　　Plaintiff, | :　NO. 3:01CV01676 (SRU)<br>:<br>: |
| v. | :<br>: |
| I.C. SYSTEM, INC.<br>　　　　　Defendant. | :<br>:　FEBRUARY 23, 2007 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE (DOC. NOS. 74 and 75)

### Preliminary Statement

This FDCPA action is scheduled for trial in May 2007. Suggesting that no trial is necessary, plaintiff claims entitlement to judgment as a matter of law, alleging in motions in limine that undisputed fact entitles her to judgment on two issues:

(1)　In an issue raised now for the first time since the action was commenced in 2001, the plaintiff alleges that telephone messages left for the plaintiff in 2001 failed to contain the notices allegedly required by 15 U.S.C. §1692e(11); and

(2)　That the defendant misrepresented the amount of the debt in an alleged violation of 15 U.S.C. §1692e(2)(A) or §1692g.

As to both issues, the plaintiff's claim to judgment as a matter of law is inadequately supported by evidence, being based instead on the mere assumptions and arguments of counsel, matter which would not be admissible at trial and which cannot be used to support a claim to judgment as a matter of law

## Argument

I. **THE FDCPA DOES NOT PROHIBIT REASONABLE, ETHICAL DEBT COLLECTION ACTIVITY.**

The FDCPA is based on the fundamental premise that "every individual, whether or not he owes [a] debt, has a right to be treated in a reasonable and civil manner." Dirkot v. Diversified Financial Systems, Inc., 839 F. 941, 944 (D. Conn. 1993) [referring to the remarks of Representative Frank Annunzio, 123 Cong.Rec. 10241 (1977)]. Defendant does not contest this principle, but notes that the FDCPA must also leave room for legitimate ethical debt collection activity. The purpose of the FDCPA is to protect consumers from unfair, deceptive and harassing debt collection practices, while leaving collectors <u>free to employ efficient, reasonable and ethical practices</u> in pursuit of their profession. Graziano v. Harrison, 763 F.Supp. 1269 (D.N.J.), modified on other grounds, 950 F.2d 107 (3d Cir. 1991) (emphasis added); Johnson v. NCB Collections, Inc., 799 F.Supp 1298 (D. Conn. 1992); Beattie v. DM Collections, Inc., 754 F.Supp. 383 (D. Del. 1991) [FDCPA does not preclude non-abusive statements to encourage payment]; Kramsky v. Trans-Continental Credit & Collections Corp., 166 F.Supp. 2d 908, 912 (S.D.N.Y. 2001) [The FDCPA does not prohibit debt collectors from encouraging consumers to pay their debts. It was created to protect consumers from harassing and unscrupulous practices of debt collectors, including misleading representations].

Claims under the FDCPA are evaluated under the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). However, not all collection efforts violate the rights of the least sophisticated consumer. "Even the 'lease

2

sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id. "Courts ordinarily incorporate an element of reasonableness into even the least sophisticated debtor.'" Id. at 1319-20. The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor. Rosa v. Gaynor, 784 F.Supp. 1, 7 (D. Conn. 1989).

In order for the FDCPA to attain its intended purposes, courts must strike a balance between providing protection to consumers from improper and offensive collection tactics and allowing the collection industry, in a reasonable and efficient manner, to perform its essential function in our economy. Debt collectors should not be subject to litigation merely because their task is to collect a debt. Accordingly, courts should construe the FDCPA mindful of its legitimate purposes, and aware of its potential abuses. See, e.g., Lindbergh v. Transworld Systems, Inc., 846 F.Supp. 175, 180 (D. Conn. 1994) (Cabranes, J.) [The Court rejected an argument under the FDCPA because it reflected "a false, narrow and overly mechanical reading of the FDCPA."] The FDCPA is not designed to enable consumers to eliminate the legitimate but adverse consequences of non-payment of debt. See, Catherman v. Credit Bureau of Greater Harrisburg, 634 F.Supp. 693 (E.D. Pa. 1986); Wright v. Credit Bureau of Georgia, 555 F.Supp. 1005 (N.D. Ga. 1983) [fact recognized by all consumers is that a failure to pay one's bills will affect ability to obtain credit in the future].

Where, as here, the defendant engaged in non-abusive, non-harassing, legitimate collection activity, the plaintiff's claims failed to serve the underlying purposes

of the FDCPA. The FDCPA was never intended to provide an offensive weapon against legitimate collection activity.

II. **PLAINTIFF'S CLAIM THAT DEFENDANT LEFT TELEPHONE MESSAGES OF UNSPECIFIED CONTENT ON AN ANSWERING MACHINE IS INSUFFICIENT TO ESTABLISH A VIOLATION OF 15 U.S.C. §1692e(11).**

Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

\* \* \* \*

> (11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication is oral, in that oral communication, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading in connection with a legal action.

15 U.S.C. §1692e(11). Therefore, in order to trigger the disclosure requirements, there must be a "communication" <u>and</u> it must be "in connection with the collection of any debt."

"Communication" is a term of art, defined in 15 U.S.C. §1692a(2) which means "the conveying of information regarding a debt directly or indirectly to any person through any medium." Even construed broadly, this definition expressly contains a content requirement; <u>i.e.</u>, the alleged communication must contain "information regarding a debt." Accordingly, a contact which does not contain such information is not a communication and does not trigger the disclosure requirement of §1692e(11).

4

Other sections of the FDCPA also use the defined term "communication" or its verb form, to "communicate." Section 1692c of the FDCPA places restrictions on "communications." For example, pursuant to §1692c(b), debt collectors are generally not permitted to communicate with third parties. As a result, if a debt collector calls a consumer's residence, collectors use methods designed to confirm that they are actually speaking to the consumer. If they learn that the person answering is other than the consumer, the collector could not disclose information regarding the debt or the debt collection purpose of the call. Most certainly, if such a disclosure were made, it might prompt a lawsuit concerning an allegedly unlawful third-party disclosure. As a result, collectors would leave a message with the call recipient without it containing any information regarding the debt or the purpose of the call. By not engaging in a "communication," collectors can avoid the problem of an unwanted third-party disclosure.

Similarly, when leaving a message on an answering machine, a collector avoids the risk of third-party disclosure by leaving a message that does not provide "information regarding the debt," even if it is "in connection with debt collection." By not providing information regarding the debt, the message left is not a communication, and the disclosure requirements of §1692e(11) should not be triggered. When the consumer returns the call and the collector discusses the debt, the collector can then give the required disclosures.

Courts considering the definition have routinely utilized a content-based analysis to determine whether particular contacts are "communications," whether a contact is

made for the purpose of debt collection and whether it conveys information regarding the debt. In Geiger v. Creditors Interchange, Inc., Fed. Appx. 803, 804 (6th Cir. 2003) the court held that a letter sent in response to a claim that a collector had violated the FDCPA was not a communication conveying information regarding a debt and "did not even require the notification language from §1692e(11)." Id. at **2. The Court rejected the plaintiff's argument that the §1692e(11) notice had to be in every contact between collector and consumer. In Baily v. Security National Serv. Center, 154 F.3d 34 (7th Cir. 1998) the court held that a letter merely informing a debtor as to the current status of his or her account was not "in connection with collection of a debt" and the alleged debt collector did not have to comply with the FDCPA. See, also Kllight v. Schulman, 102 F. Supp. 867 (S.D. Ohio 1996) [letter acknowledging payment not required to contain e(11) notices]; Chaudry v. Gallerizzo, 174 F.3d 394, 410 (4th Cir. 1999) [communication which did not attempt to collect debt did not require 1692e(11) notice].

In Fava v. RRI, Inc., 1997 WL 205336 (N.D.N.Y. 1997) a court held that a fax which did not convey any information regarding the debt was not a "communication" within the meaning of the FDCPA and dismissed a claim under §1692e(11); see also, Thomson v. Professional Foreclosure Corp. of Washington, 2000 WL 34335866 (E.D. Wash. 2000) [court analyzed content and purpose of contact to determine whether notice was a "communication]; Buckley v. Bass & Associates, 249 F.3d 678 (7th Cir. 2001) [law firm letter inquiring whether debtor had filed for bankruptcy did not trigger 16922(11) requirements]; Romea v. Heiberger & Associates, 163 F.3d 111 (2d Cir.

6

1998) [court determined that notice was communication because it "conveyed information" regarding a debt].

The plaintiff is arguing that merely because messages were left without including the §1692e(11) notice, there exists a violation. Plaintiff's reasoning is flawed for a number of reasons:

First, plaintiff has made no showing that any of the claimed messages were an <u>initial</u> contact that would have given rise to the requirement of the disclosure that "this is an attempt to collect a debt and any information obtained will be used for that purpose." Since it is evident that the subject attempts to reach the debtor by phone were not initial communications, any argument that the latter disclosure was required is misplaced.

Second, plaintiff has made no showing, let alone a showing as a matter of undisputed fact, as to the content of any particular telephone message. Absent an understanding of such conduct, there cannot be a determination of liability as a matter of law. Plaintiff's assertion that any message would trigger such liability is an overly simplistic statement which does not properly characterize the cases upon which she relies and is based on an incorrect legal standard that requires that the message not only be in connection with the collection of debt, but also that it convey information regarding the debt. The plaintiff's argument completely ignores the content requirement that courts have used for years in defining "communications."

Lastly, this argument made by plaintiff is being asserted for the first time approximately six years after the commencement of this action. As evidenced by the Joint Trial Memorandum submitted to the Court in September 2002, this issue has not

been present in this case for the last six years, or if it was even in the case, it was abandoned as of the submission of the Joint Trial Memorandum in 2002. It is exceedingly unfair to allow plaintiff to raise it now, nearly six years after the conduct alleged under a statute with a one year limitations period, 15 U.S.C. §1692k(d). The prejudice to plaintiff is obvious in that the recollection and availability of witnesses would be impaired after such a long time.

Cases relied upon by the plaintiff are either inapposite or wrongly decided. Joseph v. J.J. MacIntyre Co., 281 F.Supp. 2d 1156 (N.D. Cal. 2003) did not involve a claim under §1692e(11). Belin v. Litton Loan Servicing, 2006 WL 1992410 (D. Fla. July 14, 2006) was decided on a motion to dismiss, not a motion seeking judgment as a matter of law. The other cases relied upon were premised on an analysis of the content of the messages. To the extent that any case suggests that any message, regardless of content, is a "communication," it ignores the plain language of the definition of that term and of §1692e.

To the extent that the few District Court decisions relied upon by plaintiff, which decisions are not binding here in any event, suggest that one can ignore the content of the message when deciding whether such message was a communication or suggest that any effort to seek a return phone call constitutes a communication (without regard to content), which decisions ignore the plain language of the statute and are wrongly decided. None of the purposes of the FDCPA require such a result. Leaving a message for a return call, in the absence of other misconduct, is a perfectly ethical and legitimate means of trying to contact the consumer. By doing so without risking

8

inappropriate third-party disclosures, debt collectors support the underlying purposes of the FDCPA. Certainly, the FDCPA contemplates that collectors will legitimately use the phone to contact consumers. Liability should not be imposed where, as here, there is no record as to the substance of the message at issue. On the basis of the current record, judgment as a matter of law is a leap that this Court should not make. The record presented does not provide an adequate basis for liability.

### III.   PLAINTIFF HAS NOT DEMONSTRATED THAT DEFENDANT MISREPRESENTED THE AMOUNT OF THE DEBT

In 2001, defendant wrote a letter to plaintiff seeking payment of $1,322.48 which was described as 'principal owed." The account in question was a revolving credit card account. As with any credit card account, interest accrues monthly. That interest becomes part of the new principal due on the account, and interest thereafter continues to accrue on the basis of the new principal balance with respect to which interest charges are calculated.

Plaintiff has made no showing whatsoever that the amount reflected in the initial letter, $1,322.48, was wrong in any way. Certainly, the document on which plaintiff purports to rely does not conclusively establish any error.

The only explanation of the computer screen relied upon by plaintiff is that provided by the plaintiff's counsel in self-serving fashion. Her own opinions and misunderstandings about what the entries on the computer screen mean or how the relevant account works are incompetent and inadmissible. The document in question is not even dated, and its relationship to the information in the first letter is completely unexplained by any competent proof. Accordingly, the plaintiff has made no showing

that the document is even relevant. There is no indication whether any information in the document, let alone the collection letter, is inaccurate. Plaintiff's motion alludes to no proof at all, and it is quite unclear how such proof will be made at trial.

Moreover, to the extent that the information, which was not disputed by the plaintiff, relies on information provided by the creditor, there is no violation. E.g., Howe v. Readers Digest Assoc., Inc., 686 F.Supp. 461, 467 (S.D.N.Y. 1988); Ducrest v. Alco Collections, 931 F.Supp. 459, 462 (N.D. La. 1996).

Lastly, even if there was an error as to the amount, the plaintiff has offered no evidence to preclude the availability of the bona fide error defense under 15 U.S.C. §1692k(c).

## IV.    PRECEDURALLY, THE PLAINTIFF'S MOTIONS ARE IMPROPER

Plaintiff's motions are purportedly based upon Fed.R.Civ.P. 50(a)(2). Federal Rule 50, however, contemplates that the matters have been "fully heard on an issue during a jury trial" so that the decision may be based upon the evidence at trial. Here, plaintiff has yet to introduce any evidence to a jury.

To the extent that plaintiff's motions are intended to be motions for summary judgment, plaintiff has utilized none of the mechanisms applicable to motions for summary judgment. Plaintiff has not presented the Statement of Material Facts called for by the Local Rules and has not, in many respects, introduced admissible evidence, relying instead on unauthenticated documents explained by no competent testimony, instead relying on the self-serving arguments of counsel.

## Conclusion

For the foregoing reasons, the plaintiff's motions in limine under Federal Rule 50 for judgment as a matter of law should be denied.

THE DEFENDANT
I.C. SYSTEM, INC.

By: _____
Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-Mail: jelliot@znclaw.com

Its Attorneys

## **CERTIFICATION**

I hereby certify that on February 23, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Jonathan D. Elliot