UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                              CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                               February 27, 2007

### PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS IN LIMINE

Contrary to defendant's assertion, Plaintiff's motions in limine would shorten the trial, but not eliminate it. The jury still would have to determine statutory damages up to $1,000, and the "false sense of urgency" issue. However, plaintiff needs only one violation to prevail. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 62 (2d Cir. 1993).

The content of the calls is stipulated. Under a plain reading of the FDCPA, the calls were "in connection with" the collection of a debt. §1692e. Subsection (11) mandates that such calls disclose "in subsequent communications that the communication is from a debt collector" except in a legal pleading.[1] Connecticut law mandates the fuller disclosure, "This is an effort to collect a debt and any information obtained will be used for that purpose." Reg. Conn. State Agencies §36a-809-3(f) (11).

Defendant's Mem. at Part II cites inapposite cases concerning letter communications, but cannot distinguish the Foti line of cases regarding telephone calls. Efforts to elicit a return call by not disclosing the purpose of the communication, such as a post card saying "you have won a prize" or "we are holding a package for you," were considered deceptive even before the FDCPA.

---

[1] A corresponding section also mandates that the debt collector meaningfully disclose its identity whenever merely placing a call, thus underscoring the importance of disclosing the collection nature of the call as well. §1692d(6).

> In a case involving Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which preceded the FDCPA, we upheld a Federal Trade Commission ("FTC") order prohibiting a collection agency from "using or placing in the hands of others for use, envelopes, letters, forms, or any other materials which by simulating telegrams or other methods or forms or types of communication misrepresent the **nature, import**, or urgency of any communication." *Trans World Accounts, Inc. v. Federal Trade Commission*, 594 F.2d 212, 215 (9th Cir. 1979).

<u>Romine v. Diversified Collection Servs.</u>, 155 F.3d 1142, 1149 n.10 (9th Cir. 1998) (fake telegram designed to capture consumer's unlisted telephone number subjected Western Union to liability).

The stipulations as to the content of the phone calls remain undisputed. Defendant proffered no factual and no apposite legal barriers to entry of judgment as a matter of law.

<u>Defendant does not dispute that it misrepresented the character of the debt</u> within §1692e(2)(a) (prohibiting the false representation of "the character" of any debt). Instead, defendant's memorandum discusses the "amount" of the debt, not at issue here. Def. Mem. Part III.  Defendant claims it relied on information from the creditor. Rather, it took the information provided by the creditor -- that the account was partly principal and partly interest -- and recharacterized the account as being wholly principal, with interest to be added. The "character" of the debt was *not* all principal, as misrepresented.

Once again the parties have stipulated to the admissibility of everything that is necessary to establish this violation of §1692e(2)(a). Defendant proposes no countering proof, either in its opposition memorandum or in the Joint Trial Memorandum, as to these facts, or as to any possible bona fide error.

<u>Defendant regrets taking no discovery.</u>  As to the phone call issue, defendant complains that the argument is being raised for the first time. Def. Mem. at 7.  Defendant, however, interposed no discovery and no contention interrogatories. [Both parties expected

the case to be decided on the issue of whether an UNdated letter was deceptive when it repeatedly demanded action within ten days of the date of the letter.]

Under notice pleading standards, the Complaint adequately identified the course of collection on which liability was based. "A plaintiff receives the benefit of 'any fact that could be established later consistent with the complaint's allegations.'" Simpson v. Nickel, 450 F.3d 303, 306 (7th Cir.2006). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 515 (2002) (notice pleading standard relies on liberal discovery rules to define disputed facts and issues). Federal pleading is based on a statement of the claim, not of the legal theories. Twombly v. Bell Atlantic Corp., 425 F.3d 99, 106-08 (2d Cir. 2005); Newman v. Silver, 713 F.2d 14, 16 n.1 (2d Cir. 1983), citing Gins v. Mauser Plumbing Supply Co., 148 F.2d 974, 976 (2d Cir. 1945) ("particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not"). See also Marbury Mgmt., Inc. v. Kohn, 629 F.2d 705, 711 n.4 (2d Cir. 1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim. *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (8th Cir. 1975), cert. denied, 425 U.S. 963, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *Siegelman v. Cunard White Star Ltd.*, 221 F.2d 189, 196 (2d Cir. 1955); cf. *New York State Waterways Assn. v. Diamond*, 469 F.2d 419, 421 (2d Cir. 1972) (court's duty to read pleading liberally to determine whether facts alleged justify taking jurisdiction on grounds other than those most artistically pleaded)").

CONCLUSION

Defendant has interposed no facts contradicting the stipulations of the parties, and no apposite legal theory pursuant to which plaintiff's motions in limine should be denied. Her motions should be granted.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on February 27, 2007, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___