UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAUREN KIMBRO, (SRU) | : | CASE NO. 3:01CV01676 |
| Plaintiff, | : | |
| v. | : | |
| I.C. SYSTEM, INC. | : | |
| Defendant. | : | MAY 3, 2007 |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE AND/OR TO AMEND AFFIRMATIVE DEFENSES**

Plaintiff commenced this action in August, 2001. As evidenced by the prior pleadings in this matter, including the parties' motions for summary judgment, the claims in this action centered on a particular letter sent by the Defendant in early 2001. As of the time the parties submitted their Joint Trial Memorandum in September, 2002, that filing described the claims in the action elaborated upon by the jury instructions submitted.

When the parties submitted a purportedly updated joint trial memorandum in January, 2007, Plaintiff, for no apparent reason other than that she had not been successful in her attempt to obtain summary judgment, sought to add three completely new claims, without so much as any attempt to amend the allegations of the Complaint, as follows:

    1.    Whether Defendant left phone messages for Plaintiff without the disclosure allegedly called for by 15 U.S.C. § 1692e(11).

    2.    Whether Defendant's letters misrepresented the amount of the debt in violation of § 1692e(2)(A) or § 1692g.

    3.    Whether Defendant had authority to send letter 283 when it had not been approved by the creditor or submitted to the Connecticut Banking Department.

These belated clams are tantamount to trial by surprise, to the prejudice of the Defendant. They constitute claims as to which neither the Complaint nor the earlier Joint Trial Memorandum provide any fair notice. The delay in revealing such claims works to the prejudice of Defendant in terms of the availability of relevant evidence. Due to the passage of time relevant documents or personnel are no longer available, or recollections have been compromised.

These additional claims are predicated upon different facts than those claims originally asserted by Plaintiff. Accordingly, claims asserted for the first time nearly six years into the matter, upon different facts, should not be permitted to relate back to the date of the original Complaint. Defendant, in the event Plaintiff is allowed to assert these new claims at all, should be permitted to assert a defense of the statute of limitations.

Because Plaintiff submitted a joint trial memorandum in 2002 which contained only certain claims, Defendant submits that other claims should be deemed abandoned, and she should not now be entitled to assert them. Certainly Plaintiff should have to justify any such change under at least a good cause standard. The last minute addition of these claims does nothing to advance the purposes of the Federal Rules supporting fairness and disclosure. If Plaintiff is able

to add claims at her whim, her action is nothing more than a constantly moving target. Under Plaintiff's approach, if one theory does not work, then she may simply try other theories based upon different facts, all as merely a means to an end.

The joint trial memorandum is devoid of any meaningful reference to any of the new claims purportedly added 4½ years after the submission of the prior joint trial memorandum. Having committed to an action limited to certain claims in 2002, Plaintiff should not now be permitted to assert different claims six years after the original events, long after discovery was completed and to the prejudice of Defendant. There is no reason for the extreme delay in disclosing these belated claims, and they should not be permitted.

Respectfully submitted,

THE DEFENDANT
I.C. SYSTEM, INC.

By: _____
Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-Mail: jelliot@znclaw.com

Its Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on **May 3, 2007**, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

THE DEFENDANT
I.C. SYSTEM, INC.

By: _____
Jonathan D. Elliot (ct05762)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-Mail: jelliot@znclaw.com

Its Attorneys