UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                    CASE NO. 3:01CV 1676 SRU

I.C. SYSTEM, INC.                     May 4, 2007

### PLAINTIFF'S OPPOSITION TO MOTIONS FILED MAY 3, 2007

Rightfully concerned about its liability herein, defendant claims that the phone calls were not at issue in this case before January 2007, and that a statute of limitations defense would be appropriate. Neither contention is correct.

<u>The phone calls were always at issue.</u> The complaint asserts that defendant's communications violated the FDCPA. The parties filed their Joint Trial Mem. (Doc. No. 32) before discovery was complete.[1] In 2002, Plaintiff proposed testimony as to the phone calls. Plaintiff's draft of the stipulated facts (excerpt attached) included paragraphs 13-14 about the phone calls. They were not in the final, filed, version because defendant did not agree. Thereafter, both plaintiff and defendant submitted affidavits about the phone calls in the summary judgment documents. Kimbro Aff., Doc. No. 38; Melton Aff. Doc. No. 44.  Thus, only after filing the Joint Trial Mem, did defendant reveal that plaintiff was incorrect about the dates of the phone calls, but not about their contents.

On November 2, 2007, in connection with her efforts to induce settlement, plaintiff notified defendant by e-mail of her intent to raise the "Foti" (phone call) issue. Thereafter, defendant stipulated to all the facts necessary to establish the Foti violation. The parties filed their  Joint Trial Mem. (Doc. No. 73) in January. Plaintiff alerted the Court to her intent to

---

[1] . See, e.g., Doc. No. 48.

make a Rule 50 motion on the Foti issue, and the parties briefed the issue. Doc. Nos. 75, 85, 86.

Defendant knew the phone calls were at issue. Defendant was particularly alerted to the Foti issue last November. Defendant briefed the Foti issue in February, 2007.

<u>The statute of limitations defense would be futile.</u>  Federal pleading is based on a statement of the claim, not of the legal theories. <u>Twombly v. Bell Atlantic Corp.</u>, 425 F.3d 99, 106-08 (2d Cir. 2005); <u>Newman v. Silver</u>, 713 F.2d 14, 16 n.1 (2d Cir. 1983),  citing *Gins v. Mauser Plumbing Supply Co*., 148 F.2d 974, 976 (2d Cir. 1945) ("particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not"). See also <u>Marbury Mgmt., Inc. v. Kohn</u>, 629 F.2d 705, 711 n.4 (2d Cir. 1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim. *Rohler v. TRW, Inc*., 576 F.2d 1260, 1264 (7th Cir. 1978); *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (8th Cir. 1975), cert. denied, 425 U.S. 963, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *Siegelman v. Cunard White Star Ltd.*, 221 F.2d 189, 196 (2d Cir. 1955); cf. *New York State Waterways Assn. v. Diamond*, 469 F.2d 419, 421 (2d Cir. 1972) (court's duty to read pleading liberally to determine whether facts alleged justify taking jurisdiction on grounds other than those most artistically pleaded)").

In deciding whether leave to amend should be granted, the district court may consider the apparent "futility of amendment," <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), cited in <u>Grace v Rosenstock</u>, 228 F.3d 40, 53 (2d Cir. 2000). <u>Grace</u> also noted the court's discretion to deny leave to amend "where the motion is made

after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" other parties. Id.

## CONCLUSION

Plaintiff needs only one violation to prevail. The Court should not dilute the clear violation by allowing defendant to raise the noon-issue of statute of limitations on the eve of trial.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN KIMBRO

v.                                    CASE NO. 3:01CV 1676 DJS (TPS)

I.C. SYSTEM, INC.                     September 6, 2002

PLAINTIFF'S PROPOSED JOINT TRIAL MEMORANDUM

1. TRIAL COUNSEL:

For plaintiff:                        For defendant:
   Joanne S. Faulkner                    Jonathan D. Elliot
   123 Avon Street                       2425 Post Road
   New Haven, CT 06511                   Southport, CT 06490
   (203) 772-0395                        (203) 254-8969

2. JURISDICTION: This Court has jurisdiction pursuant to 28 U.S.C. § 1331, §1367, and 15 U.S.C. § 1692k

3. JURY: This is a jury case.

4. LENGTH OF TRIAL: The parties estimate that the trial will take one day.

5. FURTHER PROCEEDINGS. Defendant has not complied with an Order compelling discovery. A motion for appropriate relief is pending. Plaintiff believes the matter is resolvable as a matter of law, except for damages, and REQUESTS PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT in limine.

6. NATURE OF CASE: Plaintiff states: This case is brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692c, -d, -e, and - f, and the Connecticut Unfair Trade Practices Act. Plaintiff seeks statutory damages, actual

damages, punitive damages, injunctive relief, attorneys fees and costs.

7. ELECTION FOR TRIAL BY MAGISTRATE JUDGE The parties agree to trial before Magistrate Judge Smith. Pursuant to 28 U.S.C. §636 (c), the parties elect to have any appeal heard by the Court of Appeals for the Second Circuit.

8. LIST OF WITNESSES:

Plaintiff may call: (tentative as of September 4, 2002, due to lack of cooperation from defendant in preparing this memorandum and responding to discovery)

1. Lauren Kimbro, 44 Orange St, New Haven CT to testify to her receipt of the letters and calls and their effect on her. ½ hour

2. Custodian of Records, Banking Department regarding form letters submitted by defendant for use in Connecticut.

3. Witnesses identified by defendant as appropriate

The defendant may call one or more of the following:

1. Susan Johnson, c/o I.C. System, Inc., 444 Highway 96 East, P.O. Box 6444 St. Paul, MN 55164-9444, is expected to testify as to the policies and practices of the defendant as they relate to this matter; as to the history and chronology of the defendant's collection efforts in this matter, and the defenses in this matter. Estimate: Two hours.

9. EXHIBITS:

A.   Plaintiff may introduce (tentative due to lack of cooperation as of September 4, 2002, from defendant in preparing this memorandum and responding to discovery)

1. Defendant's 515 letter

2. Defendants 525 letter

3. Defendant's 283 letter

4. Defendant's 535 letter.

5. Defendant's collection records showing calls and letters.

6. Defendant's responses to discovery to the extent facts are not stipulated.

7. Defendant's training and procedural documents (to be provided upon completion of defendant's discovery).

8. Defendant's agreements with Providian

B.  <u>Defendant</u> expects to introduce all or some of the following exhibits:


10. <u>PROPOSED STIPULATIONS OF FACT</u>

1. I.C. System is a debt collector within the Fair Debt Collection Practices Act.

2. Lauren Kimbro is a consumer within the Fair Debt Collection Practices Act.

3. I.C. sent letter 515 to plaintiff on or about 2/23/01

4. I.C. sent letter 525 to plaintiff on or about 3/27/01

5. I.C. sent letter 283 to plaintiff on or about 4/19/01

6. I.C. sent letter 535 to plaintiff on or about 4/27/01

7. Letter 283 was undated.

8. On July 16, 2001, I.C. was notified that letter 283 did not include a date.

3

9. I.C. did not make any changes in letter 283 after July 13, 2001.

10. I.C. began using letter 283 in or about August, 2000.

11. I.C. continued using letter 283 until late September, 2001.

12. The offer in letter 283 was available to anyone whose Providian account was 130 to 178 days delinquent.

13. I.C. has a recorded script (Autovoice) which leaves a message on the consumer's telephone. "Hello, this is I.C. System. Please call us as soon as possible to discuss our special offer. This is not a sales call."

14. I.C. left that message on plaintiff's answering machine on 2/22/01; 2/24/01; 2/26/01; 3/2/01; 3/3/01; 3/7/01; 3/19/01; 3/20/01; 3/21/01; 3/28/01; 3/20/01; 3/28/01; 3/29/01; 3/31/01; 4/3/01; 4/5/01; 4/6/01; 4/9/01.

15. If a consumer returned the call, defendant was authorized to make an offer pursuant to the Providian agreement.

10(b)(1). <u>PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS</u>

(In addition to standard questions as to whether they know the parties/ attorneys/ witnesses/ have prior jury experience or have ever been party to a lawsuit)

1. Has anyone owned, operated, or been employed by a business or law office which collects debts, or do you have any family members or close friends connected with such a business or law office?

2. Has anyone owned, operated, or been employed by a business or individual

Certificate of Service

I hereby certify that on May 4, 2007, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___